IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA  )
                          )
        v.                )        CIVIL ACTION NO. 2:03cv1031-MHT
                          )                       WO
JOHN THOMAS RILEY, JR.    )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a supplemental response (Doc. # 21) addressing the claims presented by the movant, John Thomas Riley, Jr., in an amendment to his 28 U.S.C. § 2255 motion.  In its response, the government maintains that Riley's new claims provide no basis for relief.  Specifically, the government argues that Riley's claim that the trial court's factual findings as to drug quantity at sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is procedurally barred because the claim was raised on direct appeal and rejected by the appellate court.  *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).  The government further argues that Riley's claims that the trial court's factual findings at sentencing as to his role in the offense, firearm use, and obstruction of justice violated *Apprendi* are procedurally barred because the claims could have been, but were not, raised on direct appeal.  *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994).  In addition, the government argues that even if Riley's claims in this regard are not procedurally barred, they are meritless and entitle him to no relief.  Finally, the government argues that insofar as Riley presents claims that his sentence violates *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the claims are not cognizable by this court, because *Booker* is not retroactive to cases on collateral review.  *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

Riley is advised that a procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the movant fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a movant's federal constitutional claim where the movant is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before March 20, 2006, Riley may file a reply to the supplemental response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after March 20, 2006, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Done this 27th day of February, 2006.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

2