IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIV. ACT. NO. 2:03cv1031-MHT |
| | ) | (WO) |
| JOHN THOMAS RILEY, JR. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This matter is before the court on the defendant's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.  On February 2, 2000, pursuant to a plea agreement, John Thomas Riley, Jr., ("Riley") entered a plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, cocaine base, and marijuana (Count 1), a violation of 21 U.S.C. §§ 841(a)(1) and 846; money laundering (Count 3), a violation of 18 U.S.C. § 1956(h)2; smuggling marijuana (Count 4), a violation of 18 U.S.C. § 545; and unlawful use of a communications device (Count 13), a violation of 21 U.S.C. § 843(b).

On March 16, 2000, the Government filed a notice of breach of plea agreement based on Riley allegedly giving either false testimony at the trial of his co-defendants or giving false statements to law enforcement officers prior to these trials.  A hearing on the alleged breach of the plea agreement was held on April 3, 2000.  At the conclusion of that hearing the court concluded that Riley had not breached the plea agreement.  Sentencing was set for June 22, 2000; however, prior to that proceeding, the United States filed a motion for reconsideration

of the court's denial of the government's request to set aside the plea agreement.   On June 23, 2000, the court continued Riley's sentencing.  Both orally and later in writing the court then granted the government's motion for reconsideration, gave notice that it would not accept the plea agreement, and gave Riley the opportunity to withdraw his plea. (Crim. No. 2:99cr137-MHT, Doc. No. 461.)[1]   Sentencing was set for July 12, 2000.   At the commencement of that proceeding, Riley decided to not withdraw his guilty plea and chose to be sentenced without the benefit of any agreement except as to the government's dismissal of all but the four counts to which Riley originally agreed to plead guilty.  At sentencing the court concluded that, even though Riley's guideline range was life imprisonment, a downward departure of one offense level was warranted, and Riley was sentenced to 420 months imprisonment.[2]

On direct appeal, Riley raised the following issues:

1.     Whether the District Court plainly and unconstitutionally erred by enhancing appellant Riley's sentence in Count I based upon an alleged drug quantity that was neither charged within the superseding indictment nor proven beyond a reasonable doubt before a jury?

2.     Whether the District Court plainly erred by imposing the

---

[1] It is not clear whether the court actually concluded that Riley breached the plea agreement by committing perjury.  However, it is crystal clear that the court ultimately concluded that it would not accept the plea agreement because the recommended sentence of 21 years did not adequately address the gravity of Riley's criminal conduct.  *See* pp. 9-10 *infra*.

[2] Specifically, Riley was sentenced to 420 months' imprisonment on the conspiracy count; 240 months' imprisonment on the money laundering count; 60 months' imprisonment on the smuggling count; and 48 months' imprisonment on the use of a communications facility count, with the sentences to run concurrently.

maximum sentence upon appellant Riley in Count III of the superseding indictment where no finding of fact was made by the court as to any alleged amount of funds as required by the sentencing guidelines at U.S.S.G., § 2S1.1 pertaining to money laundering?[3]

>    3.    Whether the District Court erred in denying the appellant a three level sentencing guideline reduction for acceptance of responsibility?

*Riley v. U.S.*, [No. 00-13806-GG] 2001 WL 34137856, *2 (11th Cir. Jan. 10, 2001). On

February 12, 2002, the Eleventh Circuit Court of Appeals affirmed Riley's convictions. (Doc.

No. 21, Gov's Ex. 1.)

On October 15, 2003, Riley filed a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255.[4]  In his motion, Riley asserts the following claims:

>    1.    The District Court plainly and unconstitutionally erred by enhancing the defendant's sentence in Count I based on an alleged drug quantity that was neither charged in the superseding indictment nor proved beyond a reasonable doubt before a jury.

>    2.    The defendant's guilty plea was not made voluntarily or knowingly, where the court, defendant's counsel and probation officer erred in telling the defendant that he was facing a maximum life sentence when in fact he was only supposed to be facing a maximum twenty (20) year sentence.  (Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.)

>    3.    The District Court plainly erred by imposing the maximum sentence under Count III of the superseding indictment where no

---

[3]Additional claims were raised in the body of Riley's brief and are discussed at page 6 n. 7 *infra*.

[4]The motion is timely under the one year statute of limitations in 28 U.S.C. § 2255 because it was filed within one year after the United States Supreme Court denied Riley's petition for certiorari.

finding of fact was made by the court as to any alleged amount of funds as required by the sentencing guidelines at U.S.S.G. § 2S1.1 pertaining to money laundering.

4.     Denial of effective assistance of counsel.

5.     The District Court erred in enhancing the defendant's sentence above the base level under the guidelines.

6.     The District Court violated the defendant's due process rights under the U.S. Constitution.

(Doc. No. 1.)

On October 10, 2005, Riley filed an amendment to his § 2255 motion, asserting the following claims:

1.     Defendant's sentence exceeded the statutory maximums articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

2.     The Sentencing Guidelines are unconstitutional.

(Doc. Nos. 17 & 19.)

On June 7, 2006, Riley filed an additional amendment to his § 2255 motion, asserting the following claims:

1.     Ineffective assistance of counsel in that on July 10 & 12, 2000, counsel improperly advised the defendant to reaffirm his February 2, 2000, guilty plea but set aside the plea agreement entered into and explained on the record dated February 2, 2003.

2.     Ineffective assistance of counsel where counsel failed to advise the defendant to withdraw his guilty plea and take advantage of Rule 11(e)(6).

3.     Ineffective assistance of counsel failed to timely object to the Court violating FED.R.CRIM.P. 11(e)(6).  By considering both

4

drug type and drug quantity evidence taken from defendant's statement made during plea negotiations specific to withdrawn of plea agreement.

4.    Ineffective assistance of counsel where counsel failed to raise at sentencing and on appeal the claim that defendant's guilty plea was involuntary in violation of Rule 11(c)(1).

5.    Whether the prosecution and defense counsel actions in not notifying the court at the sentencing hearing on July 12, 2000, of the recent *Apprendi* decision which would be applicable to this case resulted in negligent actions on behalf of the prosecutor and defense counsel in this case.

6.    The guilty plea that was reaffirmed by the petitioner was not a knowingly and intelligently and voluntarily entered plea of guilty to counts one, three, four, and thirteen based upon the advice of counsel as discussed in grounds one through four, when the indictment did not include all of the essential elements of the offense charged.

7.    The indictment was defective violating the due process rights of the petitioner.  Counsel Teague's actions were deficient for not recognizing the deficient indictment and informing the petitioner that the indictment was defective.

8.    Whether counsel's actions were deficient when counsel allowed the petitioner to enter a plea of guilty in this case, when the indictment did not plead an enhancement of four offense levels for role in the offense pursuant to U.S.S.G. § 3B1.1(a).

9.    Counsel Teague was negligent in not imposing the new rule announced in *Apprendi* for this court to consider in determining the attributable weight of drugs to the petitioner in this case.

10.   The District Court erred when it adopted the two point enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice in this case, based upon deficient actions of counsel.

11.   Counsel Teague's actions were deficient in not objecting to the

5

District Court's conclusion that the petitioner had not accepted responsibility for his actions and denied the three point reduction in offense level pursuant to U.S.S.G. § 3E1.1(a)(b).

12.    Whether the District Court erred in adopting a two point offense enhancement pursuant to U.S.S.G. § 2D1.1(b) for a firearm being present in this offense based upon deficient actions of Mr. Teague?

13.    Counsel Teague was deficient when counsel did not request the District Court to make a finding beyond a reasonable doubt based on the facts regarding the amount and type of drugs involved in the conspiracy was a constitutional error that precludes any increase sentence based on type and quantity.

14.    The guilty plea was based on deficient actions of advice of Mr. Teague which resulted in a plea of guilty to Count 3 of the indictment which was an unintelligent and involuntary plea of guilty to the money laundering violations.

15.    The petitioner's Sixth Amendment rights were violated based upon Mr. Teague's deficient actions at the Rule 11 hearing and the sentencing hearing.  Specifically,

a.    Trial attorney failed to argue correct sentencing statute and sentencing limits based on the count defendant plead to.

b.    Trial attorney failed to challenge District Court's erroneous use of Title U.S.C. § 841(b)(1)(A) as sentencing statute where defendant plead guilty to conspiracy to distribute an unknown amount of cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 841(a)(1).

c.    Trial attorney failed to challenge guideline enhancements (relevant conduct, obstruction of justice, leader/organizer, and firearm) that specifically placed the petitioner's sentence outside of the statutory maximum of the charged

offense in violation of the *Apprendi* doctrine.

16.    Defendant's sentence exceeded the statutory maximums articulated in *Apprendi*.

17.    The Sentencing Guidelines are unconstitutional.

(Doc. No. 34.)

The Government responded to Riley's § 2255 motion and his amendments, asserting that the ineffective-assistance-of-counsel claims are without merit and that the remaining claims are procedurally defaulted. (Doc. Nos. 7, 21 & 36.) Riley was afforded an opportunity to respond to the Government's submissions and has done so.[5] (Doc. Nos. 11 & 25.) After due consideration, the court concludes that Riley's motion should be denied.[6] No evidentiary hearing is required because the facts are adequately developed in the record.

The court will discuss Riley's numerous claims in his § 2255 motion and his amendments to th motion. Several of these claims are not presented in a logical fashion and are repetitious. Consequently, the court has grouped several of Riley's claims into separate categories for the purpose of clarity. In footnotes associated with the discussion of these

---

[5] On November 26, 2003, the Government filed a response to Riley's § 2255 motion. (Doc. No. 7.) On January 20, 2004, Riley filed a pleading styled as a "Memorandum in Support of 28 U.S.C. § 2255," in which he responds to several of the Government's arguments. (Doc. No. 11.) The court therefore construes Riley's "memorandum" as a reply to the Government's response.

[6] During the proceedings in this court on his § 2255 motion, Riley has been represented by counsel. Shortly after Riley filed through counsel his original motion, Riley filed a pro se motion to supplement his motion to vacate. This court has a longstanding rule prohibiting the filing of pro se documents when a litigant is represented by counsel. Consequently, the court struck the motion to supplement. The court has also denied Riley's motion to reconsider the motion to supplement. Moreover, the supplemental issues raised by Riley are either defaulted because they could have been but were not raised on direct appeal or lack merit. The latter claims are all ineffective assistance of counsel claims which are premised on substantive claims lacking in merit. Thus, Riley cannot show prejudice with respect to these claims.

7

claims, the court will indicate which of the enumerated claims are being discussed.

## II. DISCUSSION

### A. Claims Raised on Direct Appeal

To the extent Riley asserts that this court violated *Apprendi*[7] by sentencing him based on a specific drug amount when the amount was not charged in the indictment or determined by a jury, the court concludes that these claims[8] were raised on direct appeal and decided adversely to him.  "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."  *U.S. v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also U.S. v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).  Where a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be re-litigated in a collateral attack under § 2255.  *Nyhuis*, 211 F.3d at 1343.  Consequently, Riley's *Apprendi* claims are procedurally barred from review.

To the extent Riley contends that his guilty plea was involuntarily obtained because he was unaware of the *Apprendi* rule,[9] the court concludes that this claim was also raised on

---

[7] In *Apprendi*, the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

[8] In his § 2255 motion and amendments thereto, Riley raised several claims which may be construed *Apprendi* claims.  For example, Claim 1 of his § 2255 motion (Doc. No. 1), Claim 1 of his first amendment to the motion (Doc. No. 17), and Claims 5, 7, 9, 13, and 16 of his second amendment to the motion (Doc. No. 34) may be construed to contain Riley's contention that this court violated *Apprendi* by sentencing Riley based on a specific drug amount when the amount was not charged in the indictment or determined by a jury.

[9] Riley challenged the voluntariness of his guilty plea based on his lack of knowledge concerning the *Apprendi* rule in Claim 2 of his § 2255 motion (Doc. No. 1) and Claims 6 & 14 of his second amendment to the motion (Doc. No. 34).

appeal.[10]  Although the Eleventh Circuit did not specifically address this claim in its opinion, the Court concluded that all of Riley's arguments were without merit.  Because Riley's claim concerning the effect *Apprendi* would have had on his decision to plead guilty in order to obtain a lesser sentence was raised on direct appeal and decided adversely to him, the court will not consider his claim.  *See Nyhuis*, *supra*.

The court likewise concludes that Riley's contention that this court erred in sentencing Riley on the money laundering count without making a specific finding of fact as to the amount of money laundered was raised and decided adversely to him on direct appeal.[11]  This court therefore concludes that this claim is procedurally barred.  *Id.*

In addition, Riley's claims that this court erred by enhancing his sentence based on obstruction of justice, the use of a gun and his role in the offense were raised on direct appeal.[12]  Because the Eleventh Circuit found all of Riley's claims to be without merit, the court concludes that his claims concerning this court's application of the enhancements to his sentence are procedurally barred.[13]  *Id.*

---

[10] Riley specifically asserted that he "did not make an intentional 'informed' waiver of his rights in the sentencing in this case inasmuch as he was not *then aware* of the Supreme Court's decisions in *Apprendi* or *Carless Jones* [*v. U.S.*, 194 F.3d 1178, 1185-86 (10th Cir. 1999)]." *Riley v. U.S.*, [No. 00-13806-GG] 2001 WL 34137856, *30 (11th Cir. Jan. 10, 2001).

[11] Riley raised this claim as Claim 3 in his § 2255 motion (Doc. No. 1) and as Claim 14 in his second amendment to the motion (Doc. No. 34).

[12] Riley raised these claims as Claim 5 in his § 2255 motion (Doc. No. 1), Claim 1 in his first amendment (Doc. No. 17), and Claims 10, 12, and 16 in his second amendment (Doc. No. 34).

[13] In his appellate brief, Riley asserted the following argument:

(continued...)

9

### B.  The Due Process Claim

Riley asserts that this court violated his right to due process by allowing the Government to introduce statements of his in which he allegedly perjured himself.[14] Specifically, he asserts as follows:

> There was no evidence that the District Court allowed the government to put on evidence of perjury when the government had not provided the defendant with notice of the alleged perjury statement prior to the hearing.  Furthermore, the government put on evidence that the defendant had breached the plea agreement at sentencing.  However, in an earlier hearing, the court ruled that the defendant had not breached the plea agreement and told the defendant that the matter would not be addressed at his sentencing hearing.  Moreover, each time the defense counsel objected to the evidence regarding the breach of the plea agreement, the judge told counsel that the matter was not being offered for a purpose other than breach of the plea agreement.

(Doc. No. 1 at pp. 8-9.)

As demonstrated by this verbatim statement of the claim, Riley's argument is difficult to follow, and that difficulty is compounded by his failure to identify the specific hearing in which the alleged statement was introduced.  As best the court can discern, Riley's main

---

[13](...continued)
Appellant Riley also submits that the district court's sentencing him for "role in the offense" as a leader, organizer, causing his sentence to go beyond the maximum punishment violated the Supreme Court's rule in *Apprendi* that before sentencing court can do so, this fact should be stated in the indictment and proven to a jury beyond a reasonable doubt.  The same argument would apply to the district court's sentencing the appellate for a firearm enhancement resulting in a sentence of more than five years.  Likewise, the district court's adding time beyond the maximum to his sentence based upon a finding of obstruction of justice would also be a violation of the principles set forth in *Apprendi*.

*Riley v. U.S.*, [No. 00-13806-GG] 2001 WL 34137856, *31 (11ᵗʰ Cir. Jan. 10, 2001).

[14] This due process claim was raised as Claim 6 in Riley's § 2255 motion.

10

concerns appear to be that the Government did not provide notice of the specific perjured statements prior to the breach-of-plea-agreement hearing conducted on April 3, 2000, and that evidence regarding the breach was considered during the sentencing proceeding on June 22-23, 2000.[15]

A review of the record indicates that the Government provided Riley with notice of the breach of the plea agreement on March 16, 2000. (Crim. No. 2:99cr137-MHT, Doc. No. 347.) In the notice, the Government alleged that Riley committed perjury when testifying for co-defendants Sonya Brown and Clarence Clay. (*Id*. at p. 1.) Specifically, the Government asserted that Riley's testimony conflicted with statements Riley made when he was interviewed by representatives for the United States. (*Id*. at pp. 1-2.) Thus, the records of the court show that Riley was provided notice of the perjured statements prior to the breach-of-plea-agreement hearing.[16]

More importantly, Riley is barred from asserting a claim relating to the deprivation of a constitutional right that occurred prior to the entry of the guilty plea. *See U.S. v. Broce*, 488 U.S. 563 (1989) (a voluntary and intelligent plea of guilty made by a defendant who has been advised by competent counsel may not be collaterally attacked); *Lefkowitz v. Newsome*, 420

---

[15] It is clear that Riley did not raise these claims on direct appeal. However, the Government failed to address these claims in its response to Riley's § 2255 motion. Therefore, the court will address Riley's assertions on the merits.

[16] Although the specific statements were not listed in the Government's notice, it is clear that the transcripts of the lengthy criminal proceedings against Riley's co-defendants were not transcribed at the time the notice was filed or during the breach-of-plea-agreement hearing. (Crim. No. 2:99cr137-MHT, Doc. No. 347, p. 1; Sentencing Hearing, Vol. II, R. 467.)

U.S. 283, 288 (1975) (a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to pre-trial proceedings); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Consequently, Riley is not entitled to relief with respect to this due process claim.

The court likewise concludes that Riley's assertion that his due process rights were violated because evidence concerning the breach of the plea agreement was considered at sentencing is without merit. Although Riley's testimony which conflicted with his statements made to a federal agent were considered at sentencing, the evidence was considered for the purpose of determining whether an obstruction-of-justice enhancement was appropriate. (Crim. No. 2:99cr137-MHT, Sentencing Hearing, Vol. II at R. 438, 466.) At the commencement of the sentencing hearing on June 22, 2000, the court listed the issues, one of which was "the obstruction of justice matter." *(Id.* at 324.) During the evidentiary hearing that followed, the court expressed concern that Riley was not provided notice about the specific statements which the government claimed constituted perjury on his part. The court directed the government to provide Riley's counsel with copies of the applicable transcripts. "I want you to pinpoint exactly the testimony that you [the prosecutor] contend Mr. Riley perjured himself . . . ." *(Id.* at 460) At the conclusion of the evidentiary part of the hearing, the court made findings including a finding that Riley obstructed justice based on his perjury.

(*Id.* at 540) Thus, the court concluded that the recommended sentence of 21 years was "totally inadequate to account for the conduct of this man.  It's too out of line with the sentence, which should be life or something around life . . .  I find no reasonable justifications for the plea agreement." ( *Id.* at 556-57) The court gave Riley the opportunity to withdraw his guilty plea, which he declined.  Riley had ample notice that his perjury would be considered against him, and the court properly protected his right to know the specifics of the government's position about his perjury.  The court therefore concludes that Riley's § 2255 motion with respect to this due process claim should be denied.

### C.  The Constitutionality of the Sentencing Guidelines

Riley asserts a claim for relief based on *United States v. Booker*, 543 U.S. 220 (2005), which was decided well after his conviction became final.[17]  The Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to cases that become final before *Booker* was decided.  *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceeding); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications).  In addition, Riley concedes that *Booker* is not retroactively applicable to cases on collateral review.  (Doc. No. 25, p. 13.)  Consequently, Riley is not entitled to relief with respect to his claim that *Booker* establishes that his sentence is

---

[17] Riley's conviction became final on October 21, 2002, when the United States Supreme Court denied his petition for writ of certiorari.  *See Riley v. U.S.*, 537 U.S. 987 (2002).

unconstitutional.[18]

## D.  Ineffective Assistance of Counsel

### 1.      General Principles

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*.  In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance.  *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy.

---

[18] Riley raised a *Booker* claim as Claim 2 in his first amendment (Doc. No. 17) and Claim 17 in his second amendment (Doc. No. 34).

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689.  Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *U.S. v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Strickland*, 466 U.S. at 689.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687.  Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000).

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  "[Petitioners must affirmatively prove prejudice because '[attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  [That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice."

*Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied.   *Strickland*, 466 U.S. at 687.   Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id.* at 697.   *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal.   *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).   Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker....   Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2.    Trial Counsel's Failure to Argue *Apprendi* at Sentencing[19]

Riley contends that trial counsel was ineffective for failing to argue that application of the sentencing guideline enhancements would cause him to be sentenced outside of the statutory maximum in violation of *Apprendi*.   In addition, he asserts that trial counsel's failure to challenge the enhancements caused him to enter a guilty plea based on erroneous

---

[19] Riley raised these ineffectiveness claims as Claim 4 in his § 2255 motion (Doc. No. 1) and as Claims 2, 3, 4, 5, 6, 8, 9, 15 and 16 in his second amendment (Doc. No. 34, pp. 7-8).

sentencing information.  Riley also argues that trial counsel should have encouraged him to negotiate a revised guilty plea agreement in light of *Apprendi*.  As previously discussed, the Eleventh Circuit determined that Riley's challenge to the application of the sentencing enhancements based on *Apprendi* and his claim concerning the voluntariness of his guilty plea were without merit.  Consequently, Riley has failed to demonstrate that trial counsel's actions concerning the guilty plea and a challenge to the enhancements prejudiced his case. *See Strickland*, *supra.*

### 3.   Trial Counsel's Advice[20]

Riley contends that trial counsel was ineffective because counsel's advise that his failure to cooperate with the Government after he entered his guilty plea constituted a breach of the plea agreement was incorrect.  In addition, he asserts that defense counsel failed to object to the trial court's misstatement of the plea agreement during the initial guilty plea proceeding.  Riley's argument is premised on his mistaken understanding that once his plea was accepted it could not be rejected because it was based only on the cooperation he had already given to the government.  "In other words, the defendant's 21 year sentence was a final adjudication . . . which was not to be affected by or to be contingent upon the defendant's further cooperation."  (Def.'s Amend. Doc. # 34, p. 2)

As previously discussed, Riley had sufficient notice that his perjured statements would be considered against him, and the court protected his right to know the specifics regarding

---

[20] Riley raised this ineffectiveness claim as Claim 1 in his second amendment (Doc. No. 34, pp. 4-6.)

17

the Government's position about his perjury.  In addition, the plea agreement clearly stated that the Government would recommend a reduction "to include a recommended sentence of 252 months (21) years in the applicable offense under the provisions of Rule 11(e)(1)(C), Federal Rules of Criminal Procedure and the Federal Sentencing Guidelines § 5K1.1 for Substantial Assistance to Authorities."[21] (Cr. No. 2:99cr137-MHT, Doc. No. 218, p. 4.)  Thus, Riley was informed that a condition of the plea agreement was that he would provide substantial assistance to the Government in return for the Government's recommendation that he receive a sentence of 21 years' imprisonment.

Moreover, it is clear that trial counsel correctly advised Riley regarding the effect that his failure to cooperate with the Government had on the terms of plea agreement.  It is well-settled law that, when the Government proves by a preponderance of the evidence that a defendant materially breached a commitment under a plea agreement, the Government is released from its obligations under the agreement.  *See*, *e.g.*, *U.S. v. Davis*, 393 F.3d 540 (5th Cir. 2004).  A defendant's material breach of a plea agreement may include a failure to cooperate fully with the Government.  *Id.*; *U.S. v. Escobar*, 106 Fed.Appx. 446 (6th Cir. 2004).  Furthermore, a defendant's breach of a plea agreement entitles the prosecutor to seek a higher sentence than the term of imprisonment stipulated in the agreement.  *U.S. v. Cimino*, 381 F.3d 124 (2nd Cir. 2004).  Thus, defense counsel's advice regarding Riley's breach of the plea agreement was a correct statement of the law.  Based on the foregoing, the court

---

[21] Riley also agreed to "testify truthfully and completely at any and all reasonable times and places, before any civil and/or criminal proceeding."  (Cr. No. 2:99cr137-MHT, Doc. No. 218 at p. 7.)

concludes that Riley has failed to show that his counsel's performance fell below an objective standard of reasonableness and prejudiced his case.  *See Strickland*, *supra*.

### 4.      Riley's Statements during the Initial Guilty Plea Proceeding[22]

Riley asserts that trial counsel was ineffective for failing to object on the basis of FED.R.CRIM.P. 11(e)(6).  Specifically, Riley contends that trial counsel should have argued that his statements made during the February 2, 2000, change of plea hearing concerning the quantity of drugs should not have been considered at sentencing because the trial court rejected the initial plea agreement.  In addition, he argues that trial counsel should have encouraged him to withdraw his initial guilty plea and negotiated a revised plea agreement in light of Rule 11(e)(6) and *Apprendi*, *supra*.

Rule 11(e)(6) provides:

> Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

> (A)    a plea of guilty which was later withdrawn;

> (B)    a plea of nolo contendere;

> (C)    any statement made in the course of any proceedings under this rule regarding either of the foregoing pleas; or

> (D)    any statement made in the course of the plea discussions with an attorney for the government which do not result in a plea of guilty or which

---

[22] Riley raised this claim in Claim 4 of his § 2255 motion (Doc. No. 1) and Claims 2 and 3 of his second amendment (Doc. No. 34).

result in a plea of guilty later withdrawn.

However, such as statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

As previously discussed, Riley has failed to demonstrate that trial counsel's failure to encourage him to withdraw his guilty plea and negotiate a revised guilty plea agreement in light of *Apprendi* prejudiced his case. Additionally, Riley has failed to show that trial counsel's failure to object on the basis of Rule 11 caused him to suffer prejudice. Because the statements at issue were not made in the course of plea discussions with a United States Attorney and Riley did not withdraw his initial guilty plea or enter a plea of nolo contendere, Rule 11(e)(6) is not applicable to Riley's case. This court therefore concludes that Riley's ineffectiveness claims regarding Rule 11(e)(6) fail to satisfy the *Strickland* standard.

## 5. Appellate Counsel's Failure to Raise an Additional *Apprendi* Claim[23]

Riley asserts that appellate counsel was ineffective for failing to argue that he was unconstitutionally sentenced in violation of *Apprendi* because his sentence for conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, cocaine base, and marijuana exceeded the catchall maximum penalty in § 841(b)(1)(C). Specifically, Riley contends that appellate counsel referred to the incorrect maximum penalty statute in his brief

---

[23] Riley raised this claim as Claim 4 in his § 2255 motion (Doc. No. 1) and as Claims 4 and 15 in his second amendment (Doc. No. 34).

…

on appeal.   As previously discussed, the Eleventh Circuit concluded that Riley's claim that this court violated *Apprendi* by sentencing him based on a specific drug amount when the amount was not charged in the indictment or determined by a jury was without merit.  (Doc. No. 21, Gov's Ex. 1 at p. 2.)  The Court did not refer to the specific penalty statute in its opinion.  Although appellate counsel indicated that Riley's sentence exceeded the maximum five-year penalty in § 841(b)(1)(D), instead of stating that his sentence exceeded the catchall maximum penalty in § 841(b)(1)(C), it is clear that the Eleventh Circuit's determination was based on Riley's general claim that he was unconstitutionally sentenced based on a specific drug amount when the amount was not charged in the indictment.   Consequently, Riley has failed to demonstrate that counsel's failure to refer to § 841(b)(1)(C) when raising an *Apprendi* claim prejudiced his case.  *See Strickland*, *supra*.

### 6.    Appellate Counsel's Failure to Reply to Certain Arguments

Riley asserts that appellate counsel failed to object to certain arguments in the Government's appellate brief.[24]  Specifically, he contends that appellate counsel failed to argue that he did not admit to a certain drug quantity in his reply brief.  In addition, he asserts that appellate counsel failed to respond to the Government's argument that his claims regarding factual findings in the pre-sentence report were abandoned.

First, Riley has failed to demonstrate that further argument regarding these issues would have changed the outcome of the proceedings on appeal.  Secondly, because a reply

---

[24] Riley raised these contentions in his reply to the Government's response.  (Doc. No. 25, pp. 5-6.)

brief is not required under the Federal Rules of Appellate Procedure, appellate counsel's failure to raise certain arguments in his reply to the Government's appellate brief cannot be considered deficient performance. *See* FED. R. APP. P. 28(c). *See also Hartge v. Crosby*, [No. 8:02-CV-1254-T-30TGW] 2005 WL 3406418, at *15 (M.D. Fla. Dec. 12, 2005). In addition, the Eleventh Circuit found Riley's substantive claims concerning these issues to be without merit. Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *U.S. v. Nyhuis***,** 211 F.3d 1340, 1344 (11th Cir. 2000); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance"). Moreover, although Riley asserts that he suffered prejudice as a result of appellate counsel's failure to respond to the United States' contention that his claims were abandoned, it is clear that the Eleventh Circuit determined that the claims were non-meritorious, rather than determining that the claims were abandoned or otherwise precluded from review. (Doc. No. 21, Gov's Ex. 1.) Based on the foregoing, the court concludes that Riley has failed to demonstrate that he suffered prejudice as a result of appellate counsel's failure to reply to certain arguments raised in the Government's appellate brief. *See Strickland*, *supra*.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as the claims presented therein entitle the defendant to no

relief.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before September 6, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of August, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE